3/24/2023 2:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73997866
By: Tameka Darby
Filed: 3/24/2023 2:28 PM

2023-19357 / Court: 80

Ex. 3

**CAUSE NO. _________**

| | | |
|---|---|---|
| **ELIZABETH SANTOS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **BRIAN WHITE** | § | **____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Elizabeth Santos ("Plaintiff") and files this Original Petition complaining of and against Brian White ("Defendant") and would respectfully show the Court as follows:

## I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

## II. PARTIES

Plaintiff, Elizabeth Santos, is a resident of Harris County, Texas.

Defendant, Brian White, is a resident of Oklahoma County, Oklahoma, who committed a tort in Texas and resides at 3424 Lupine Lane, Edmond, Oklahoma 73012. He may be served with process pursuant to the Texas Long-Arm Nonresident Motorist statute by sending copies of the citation and this pleading through the Chair of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

## III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in

Certified Document Number: 107263146 - Page 1 of 5

controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

## IV. FACTUAL BACKGROUND

The collision occurred on November 9, 2021 at the 6700 block of Navigation Boulevard in Harris County, Texas. At that juncture, Navigation Boulevard is a two-way road that runs from west to east. The speed limit on Navigation Boulevard was forty (40) miles per hour.

Defendant was operating a 2021 Nissan Kicks traveling westbound on Navigation Boulevard when he ran the red light at the intersection of Navigation Boulevard and North Cesar Chavez Boulevard. Defendant struck a 2016 Cadillac SRX driven by Plaintiff, whom had been traveling northbound on North Cesar Chavez Boulevard under a protected green light. The impact redirected Plaintiff's vehicle into a 3-foot metal pole.

Houston Police Department officers arrived and found Defendant at fault as well as issued a citation to Defendant for running a red light. Plaintiff sustained bodily injuries as a result of this incident.

## V. NEGLIGENCE OF BRIAN WHITE

As Defendant operated his vehicle at the time of the incident, he had a duty to exercise ordinary care in the operation of the same, to drive the vehicle in a reasonable and prudent manner, and to abide by the provisions of Chapter 545 of the Texas Transportation Code. Defendant negligently breached these duties in one or more of the following respects:

A. In running a red traffic light;
B. In entering an intersection when unsafe to do so;
C. In failing to keep a proper lookout;
D. In failing to timely apply his brakes;
E. In failing to take proper evasive action;
F. In failing to keep said vehicle under reasonable and proper control; and
G. In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.



Certified Document Number: 107263146 - Page 2 of 5

Defendant's negligence was the sole proximate cause of the collision, as well as the bodily-injury damages Plaintiff suffered as a result of his involvement in the collision.

## VI. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish, and physical impairment, and in reasonable probability, will continue to suffer physical pain, mental anguish, and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## VIII. REQUIRED DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose,

Certified Document Number: 107263146 - Page 3 of 5

within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## IX. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## X. RULE 193.7 NOTICE

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway, Suite 101
Houston, Texas 77034
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

Certified Document Number: 107263146 - Page 4 of 5

***/s/ Leena Joseph***
LEENA JOSEPH
State Bar No.: 24084374
ljoseph@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 107263146 - Page 5 of 5

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this April 27, 2023

Certified Document Number: 107263146 Total Pages: 5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**